UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS R. DEAL,

    Plaintiff,

v.                                                    Case No. 3:21cv3547-MCR-HTC

G. PUGH, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Marcus Deal filed this suit against the Defendants for the alleged use of excessive force occurring in July 2021, and again in October 2021. ECF Doc. 1. The Defendants have been served but their responses are not yet due. Currently before the Court is Plaintiff's "Motion for a Temporary Restraining Order ("TRO") and Preliminary Injunction." ECF Doc. 16.

Upon consideration, the undersigned recommends the motion be DENIED. As best the Court can tell, in the motion Plaintiff complains about not getting medical treatment for injuries he received from those 2021 incidents. Plaintiff, however, does not have a pending claim for medical deliberate indifference. Also, Plaintiff's motion is purely conclusory and devoid of any information as to what care he requires, what care he has requested, or even who has denied him care.

I.  PLAINTIFF'S MOTION

Plaintiff states he makes the motion "to ensure that [he] receive necessary medical care [sic] I bleed out for days." *Id*. at 1. Plaintiff explains that "as set forth in the complaint in the case, [Plaintiff] was assaulted by prison staff on July 19, 2021." *Id*. "The first time, during the assault, one of the defendants broke [Plaintiff's] left pinky finger." *Id*. "[Plaintiff] was taken to a medical room [sic] put back in [his] cell with a broke left pinky finger [sic] the tape will show all of this also they put a spit cover on [Plaintiff's] face in a [sic] no DRs for spit on [sic] no one so they also are in violation they were trying to hide what they did to [Plaintiff]." *Id*. "[Plaintiff is] still in pain [Plaintiff] received no protect care for [his] damages [Plaintiff] suffer from [his] injury that they never record." ECF Doc. 16 at 1. "[Plaintiff] can provide [his] evidence from the record tape they use to remove [Plaintiff] from [his] cell." *Id*.

Plaintiff states "[t]his maliciously [sic] actions took place more den [sic] one time it also happened October 12, 2021, with two of the same officers were on both cell extraction team pick to do use of force to people that they maliciously want to harm with excessive force the record tape will show all of that." *Id*. "On all [Plaintiff's] use of force the tape that they use to record [sic] with is what they use for all 'prisoners, to record when there are a use of force so it will show [Plaintiff] have [his] hands in the air at the sell window." *Id*. "With that said that [sic] no

rightful cell extraction team was commence to enter in my cell the camera will show [sic] things the time in date October 12, 2021—time approximately hour of 12:30pm-2:30pm." ECF Doc. 16 at 1. "[P]laintiff was non-combative [he] was in [his] boxer so that mean [Plaintiff] conduct a full body search while [sic] so they maliciously use force." *Id*. Plaintiff attached post use of force examinations and a radiology report. *See id*.

## II.  DISCUSSION

Requests for temporary injunctive relief are governed by Federal Rule of Civil Procedure 65. Granting or denying a preliminary injunction is a decision within the discretion of the district court. *Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.*, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing *United States v. Lambert*, 695 F.2d 536, 539 (11th Cir. 1983)). A court may grant a temporary or preliminary injunction, "only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Here, the Court need not comb through each element because Plaintiff's motion seeks relief unrelated to the claims before the Court and against parties who

are not before the Court. Also, the motion is vague and conclusory. First, to the extent Plaintiff complains about the excessive force incidents, those matters are the subject of the pending complaint and will be resolved at summary judgment or at trial. Plaintiff has not alleged any facts in the motion to show that he needs temporary injunctive relief to prevent future incidents or that the relief he seeks in the complaint for those incidents are not adequate.

Second, to the extent Plaintiff takes issue with not getting medical care for his "broken pinky", those claims are not part of his suit. The chief function of a TRO and preliminary injunction "is to preserve the status quo" between the parties "until the merits of the controversy can be fully and fairly adjudicated." *Ne. Fla. Chapter of Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, "injunctive relief must relate in some fashion to the relief requested in the complaint." *State v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005).

Granting any injunctive relief related to Plaintiff's alleged lack of medical treatment for his injuries would not maintain the status quo of the parties until the excessive force claims are resolved because no such claims are pending before the Court. "As stated, the only claims proceeding in this action are the excessive-force claims against [Defendants]. Thus, the Court cannot grant injunctive relief based on [Plaintiff's] assertions in his motion regarding medical care because they are

unrelated to the underlying claims in this case." *See e.g., Miles v. Diaz*, 2013 WL 12034023, at *3 (D. Ariz. Oct. 24, 2013) (citing *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997) (relief is not available "when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit.")). Indeed, Plaintiff has already included a request for permanent injunctive relief in the complaint specifically related to the excessive force incident. *See* ECF Doc. 1 at 12.

Moreover, "[i]t is well recognized that courts may not enter injunctions against persons or entities that were not party to the litigation before them." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012). However, nowhere in Plaintiff's motion does he allege that Defendants refused him medical care. Indeed, Plaintiff does not state who is denying him medical care and, thus, fails to identify who he seeks the injunction against.

Plaintiff also does not identify what treatment he requested or when he was refused treatment. Instead, Plaintiff simply states in conclusory fashion that he has not received proper care for his recorded injuries. Thus, Plaintiff's motion is also simply too vague for the fashioning of any injunctive relief. *See D'Amico v. Jones*, 4:18CV494-RH-HTC, ECF Doc. 19 (Aug. 7, 2019), *adopted by* ECF Doc. 21 (denying Plaintiff's motion for preliminary injunction seeking "unspecified prison officials and medical staff to provide him with medical care" as so vague as to fall

short of the standard for injunctive relief); *see* Fed. R. Civ. P. 65 (requiring all orders to "state the reasons why it issued; state its terms specifically; and describe in reasonable detail . . . the act or acts sought to be restrained or required").

Finally, even if the Court were to consider Plaintiff's relief as being related to the claims in this suit, Plaintiff has not shown a likelihood of success. As stated above, he has not provided the basic who, what, when, where, how and why information to support a claim of deliberate indifference to a medical need. Moreover, the medical records Plaintiff attaches to the motion, show that Plaintiff either had no injuries or was treated. For example, the post use of force examination in July shows Plaintiff was in no acute distress and that he denied injuries. ECF Doc. 16 at 3. The post use of force examination in October showed Plaintiff received treatment for a laceration over his eyebrow, and that no other injuries were "noted or voiced." *Id.* at 2. He was also told to follow up with the nurse as needed for any infection. *Id.* Although Plaintiff also attached a radiology report noting an injury to his pinky, it also says there was "no acute fracture or dislocation." *Id.* at 4. Regardless, the radiology report is from September, so there is no evidence the pinky injury was caused by the July incident and, clearly, it could not have been caused by the October incident.

Case No. 3:21cv3547-MCR-HTC

### III.  CONCLUSION

A preliminary injunction is an extraordinary and drastic remedy and the movant "clearly carries the burden of persuasion." *United States v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983).  For the reasons set forth above, Plaintiff has not met that burden.

Accordingly, it is respectfully RECOMMENDED that Plaintiff's "Motion for a Temporary Restraining Order and Preliminary Injunction" (ECF Doc. 16) be DENIED.

At Pensacola, Florida on this 5th day of April, 2022.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.