IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS R. DEAL
*Plaintiff,*

Case No.: 3:21-CV-3547-MCR-HTC

v.

CHAD PUGH; CHRISTOPHER NICHOLAS;
RICHARD PRICE; AUSTIN ALLIGOOD;
EVAN MANNERS; ET AL.,
*Defendant(s).*
_____/

## SWORN AFFIDAVIT §1746 28. U.S.C.S. PLAINTIFF'S SUPPLEMENTAL DECLARATION IN OPPOSITION TO DEFENDANTS MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT

Plaintiff Marcus R. Deal, proceeding *pro se* pursuant to Rule 56(b) *Fed.R.Civ.Pro.* and local Rule 56.1, Northern District of Florida, hereby moves to oppose Defendants in the above-styled cause Summary Judgment Motion and Exhibits thereby attached. Plaintiff hereby declares under the penalty of perjury 28. U.S.C.S §1746 that the following is true and correct to the best of my knowledge, ability, and education. I'm competent to testify to the foregoing facts. Factual genuine material facts in dispute; factual basis; memorandum of law in support concludes that a reasonable jury and fact finder will conclude that excessive force was used, inv violation of the cruel and unusual punishment clause of the Eighth Amendment to the Federal United States Constitution and Florida Constitution of excessive force; shocking the consicious of a mature society and comtemporary standards of decency and departing from prudent professional standards and practices and shown geniune material facts in dispute, hereby declares

said facts to support in this Supplemental Opposition to Defendants Motion for Summary Judgment in Memorandum of Law. In support, Plaintiff states under penalties of perjury that the following is true and correct pursuant to 28 U.S.C.S §1746; compensatory and punitive damages requested.

## SYNOPSIS AND FACTUAL BASIS OF CASE

Plaintiff Marcus R. Deal, proceeding *pro se* states the following in support of:

1. On July 21, 2021 when and while housed within the Florida Department of Corrections at Santa Rosa Correctional Institution (herein after, 'Santa Rosa'), and while said Defendants were acting under the color of State law, they used excessive/ unnecessary force upon Plaintiff without need, provokation, during a forced cell extraction team. [*id.*, pgs. 6 through 9].

2. The following is geniune material facts in dispute to prevent Defendants request for order for Summary Judgment and Plaintiff request for punitive and compensatory damages against each and every Defendant individually and severally [*id.*, page 10].

## MEMORANDUM OF LAW IN SUPPORT

Plaintiff proceeding *pro se,* request that his Amended Complaint and Response to Summary Judgment and other pleadings be liberally construed than those drafted by attorneys. See, *Boxer v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006)

## PRELIMINARY STATEMENT

Plaintiff is a State of Florida prisoner currently confined at Suwannee Correctional Institution, Live Oak, Florida. He has filed an Amended Civil Rights Complaint [Doc. 29] against these Defendants. Therein he alleges that on July 21, 2021, when he was

previously confined atr Santa Rosa Correctional Institution ((herein after Santa Rosa 'SRCI'), and these Defendants were correctional employees there, and while acting under the color of State law they used wrongful and excessive force upon him as part of a 'cell extraction team'. [*id.*; pages 6 through 9]. For the alleged violation of his Eighth Amendment rights, and the physical injuries he received, Plaintiff seeks monetary damages from each Defendant individually and severally compensatory and punitive damages. [*id.*, page 10].

Contrary to Defendants allegations, Plaintiff will prove through the Exhibits attached hereto, that while directed to participate in an unlawful cell extraction on Plaintiff on the date of July 21, 2021, their actions and omissions and use of force were excessive/ and unnecessary. Defendants, contrary to Plaintiff's assertions, did use excessive force, but was done maliously and sadistically to cause harm and not in a good faith effort to restore order or discipline nor for any other penological purpose. Further, Plaintiff will show, through the medical evidence attached hereto, that Plaintiff's physical injuries were more than *de minimis*, hence, he is entitled to receive compensatory and punitive damages.

In the following 'Statement of Material Disputed Facts', support evidence attached hereto, Plaintiff demonstrates that they did use excessive or wrongful force upon Plaintiff, and did violate his Constitutional rights.

## STATEMENT OF MATERIAL DISPUTED FACTS

1. On July 21, 2021, Defendants Sgt. Chad Pugh; was assigned to SRCI Main Unit. At approximately 8:15 a.m., Plaintiff Marcus Deal was present in his assigned cell C2116 and complied with all lawful orders to submit to custodial restraints and to relocate for cell reassignment, agreeing to submit to wrist restraints, exit his cell.

3

2. Due to Defendants Chad Pugh; Christopher Nicholas; Richard Price; Austin Alli-good; Evan Manners; and L.T. Butler wishing to cause Plaintiff Deal harm, they conducted a force cell extraction team. Due to Plaintiff being sprayed with chemical agents in the past months, even years ago, Defendants are utilizing that as an excuse claiming falsely that they were ineffective when that is not facts but assumptions and infact, they are affective.

3. Sergeant William Walters initiated video recording procedures as Defendant Lieutenant Stephen Butler provided a brief lead in statement and Pugh introduced himself as the number one team member, as well as his area of responsibility.

4. At approximately 8:30 a.m., with cell extraction team assembled in front of C2116, Defendant Lieutenant Butler issued Plaintiff Deal a final order to submit to restraints and exit cell to which he complied, but:

5. At approximately 8:31 a.m., the cell door was breached, and the cell extraction team members entered the cell unlawfully and was in violation of the use of force policy, procedures, and protocols which states chemical agents shall be used first.

6. The cell extraction team consisted of: Sgt. Pugh, Officer Price, Officer Alli-good, Sgt. Manners, and Officer Nicholas. *id.*

7. Pugh entered the cell and utilized excessive and unnecessary force on Plaintiff. Him and Sgt. Manners, L.T. Butler, and other Defendants failed to intervene.

8. Plaintiff was unlawfully charged with possession of weapons and appealed said

4

Disciplinary Report Log # 119-211572. Plaintiff appealed this Disciplinary Report and the report, findings, and reccommendations were dismissed.

9. During the unlawful forced cell extraction done without need or provocation, Plaintiff sustained physical injuries of swelling to face, fractured bones in hands, and lacerations and abrasions to eyebrow and facial area when force was used maliously and sadistically.

10. Upon information and belief the video camera was misplaced, destroyed, or lost consisting on spoilation of evidence, tampering with evidence by Defendants in an attempt to cover up the injuries and misuse of force.

11. The hand held video was requested during discovery phase and Defendants unlawfully failed to produce the video from July 21, 2021 use of forced cell extraction which is direct physical evidence and will substantiate Plaintiff's claims that he did not refuse any orders; will show he never had, nor possesed a weapon and will depict that force was used unlawfully and excessive which was the direct cause of Plaintiff's injuries.

## II. DEFENDANTS ARE LIABLE FOR EXCESSIVE USE OF FORCE DURING THE SUBJECT INCIDENT, AS THE FORCE USED WAS UNREASONABLE AND NOT NECESSARY UNDER THE CIRCUMSTANCES

As demonstrated by the attached Exhibits, Defendant was not fully justified to use force upon Plaintiff Deal due to him not being disruptive during the incident at issue. Plaintiff never refused to comply with valid orders to submit to a search of his person, wrist restraints, and exit his cell for cell reassignment. A cell extraction team was determined to be the most effective to cause the most harm, done maliously and

sadistically to cause harm and not in a good faith effort to restore order or maintain discipline, nor for any other penological purpose.

1. The extent of injury was fractured bones in hands suffered by Plaintiff...[;]

2. The need for application of force was non-exsistant due to Plaintiff not refusing any orders, nor was he being disruptive;

3. The relationship between that need and amount of force used, no need to slam Plaintiff's head into the floor, kick him and bend and fracture his hands, he never refused any orders which is shown on use of force video Defendants are failing to produce;

4. There were no threat 'reasonably perceived' by the responsible officials due to Plaintiff being locked in a secure cell causing no disturbances;

5. No efforts were made to temper the severity of a forceful response cell extraction.

(Citing *Whitley v. Albers*, 475 U.S. 312, 321, 106 S.Ct. 1078, 89 L.Ed. 2d 251 (1986).

> "From consideration of such factors, inferences may be drawn as to whether the use of force could plausibly have been thought necessary, or istead evinced such wantonness with respect to the unjustified infliction of harm as is tantamount to knowing willingness that it occur."

Plaintiff suffered more than *de minimis* injuries and thus did satisfy the

necessary standard for recovery of compensatory damages. See *Wilkins v. Gaddy*, 130 S.Ct. 1175 (2010)).

The Supreme Court held in *Gaddy* that just because Plaintiff was lucky enough to escape without real-real serious injuries does not mean that he can't recover or the Defendants are not liable for excessive force.

## CONCLUSION

For the foregoing reasons, Plaintiff request that Defendants request for Summary Judgment be denied.

Respectfully submitted,

S/ *Marcus R. Deal*

Marcus R. Deal, FDC#V26423

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy the foregoing Opposition to Defendants Motion was sent via U.S. Postal to the Honorable United States District Court, Northern District Court of Florida, Pensacola Division and to Defendants via Assistant Attorney General, PL-01, The Capitol, Tallahassee, FL on this 16 day of DEC, 2022.

Respectfully submitted,

S/ *Marcus R. Deal*

Marcus R. Deal, FDC#V26423
Suwannee Correct. Inst.
5964 U.S Highway 90
Live Oak, FL 32060

TB230-SUWANNEE C.I
5964 US Hwy 90   Live Oak, FL 32060
3869636530  Fax: 3869636220

November 29, 2022
Page 1
Imaging Report



**05/13/2022 - Imaging Report: HAND MINIMUM 3 VIEWS**
**Provider: Michael Collins APRN**
**Location of Care: 205-FLORIDA STATE PRISON**

Patient: MARCUS  DEAL
ID: MobileX 8351080
Note: All result statuses are Final unless otherwise noted.

Tests: (1) HAND MINIMUM 3 VIEWS (73130-21-RT)
  HAND MINIMUM 3 VIEWS, RIGHT FINDINGS: 5th distal phalanx shaft fracture with
no malalignment. Soft tissues appear swollen. CONCLUSION: Acute 5th distal
phalanx fracture. ELECTRONICALLY SIGNED BY NICOLAUS J. KUEHN, M.D. 5/13/2022
10:12:46 AM EDT.
  Results: 5th distal phalanx shaft fracture with no malalignment. Soft
tissues appear
    swollen.
    Conclusion: Acute 5th distal phalanx fracture.
    Electronically signed by NICOLAUS J. KUEHN, M.D. 5/13/2022 10:12:46 AM EDT.

Note: An exclamation mark (!) indicates a result that was not dispersed into
the flowsheet.
Document Creation Date: 05/13/2022 10:23 AM

---

(1) Order result status: Final
Collection or observation date-time: 05/13/2022 08:50:00
Requested date-time:
Receipt date-time:
Reported date-time: 05/13/2022 10:12:46
Referring Physician:
Ordering Physician: MICHAEL COLLINS (mcollins1)
Specimen Source:
Source: MobileX
Filler Order Number: 37001524
Lab site:

-----------------

The following tests had no related values for dispersal to the flowsheet:

  HAND MINIMUM 3 VIEWS, [No Value Reported], (F)

**Electronically signed by Michael Collins APRN on 05/13/2022 at 11:12 AM**

*"EXHIBIT A"*

TB230-SUWANNEE C.I  
5964 US Hwy 90   Live Oak, FL 32060  
3869636530  Fax: 3869636220

*November 29, 2022*  
Page 1  
Imaging Report



### 06/07/2022 - Imaging Report: HAND MINIMUM 3 VIEWS
**Provider: Michael Collins APRN**  
**Location of Care: 205-FLORIDA STATE PRISON**

```
Patient: MARCUS   DEAL
ID: MobileX 8351080
Note: All result statuses are Final unless otherwise noted.

Tests: (1) HAND MINIMUM 3 VIEWS (73130-21-LT)
   HAND MINIMUM 3 VIEWS, LEFT FINDINGS: Radiographs of the left hand
demonstrate anatomic alignment with soft tissue swelling centered at the
proximal fifth interphalangeal joint. No fracture or subluxation. Joint spaces
are otherwise preserved. CONCLUSION: Left fifth PIP soft tissue swelling
without fracture or subluxation. ELECTRONICALLY SIGNED BY SCOTT A. DRUMMOND,
JR., D.O. 6/7/2022 5:56:47 PM EDT.
   Results: Radiographs of the left hand demonstrate anatomic alignment with
soft tissue
   swelling centered at the proximal fifth interphalangeal joint. No fracture
or
   subluxation. Joint spaces are otherwise preserved.
   Conclusion: Left fifth PIP soft tissue swelling without fracture or
subluxation.
   Electronically signed by SCOTT A. DRUMMOND, JR., D.O. 6/7/2022 5:56:47 PM
EDT.

Note: An exclamation mark (!) indicates a result that was not dispersed into
the flowsheet.
Document Creation Date: 06/07/2022 6:01 PM
```

---

```
(1) Order result status: Final
Collection or observation date-time: 06/07/2022 12:10:00
Requested date-time:
Receipt date-time:
Reported date-time: 06/07/2022 17:56:47
Referring Physician:
Ordering Physician: MICHAEL COLLINS (mcollins1)
Specimen Source:
Source: MobileX
Filler Order Number: 37135326
Lab site:
```

-----------------

```
The following tests had no related values for dispersal to the flowsheet:

  HAND MINIMUM 3 VIEWS, [No Value Reported], (F)
```

**Electronically signed by Michael Collins APRN on 06/08/2022 at 12:23 PM**

---

"*EXHIBIT A*"

TB230-SUWANNEE C.I  
5964 US Hwy 90   Live Oak, FL 32060  
3869636530  Fax: 3869636220

*November 29, 2022*  
Page 1  
Imaging Report



## 10/25/2022 - Imaging Report: HAND MINIMUM 3 VIEWS
**Provider: Jeremy S West P.A.**  
**Location of Care: 205-FLORIDA STATE PRISON**

```
Patient: MARCUS   DEAL
ID: MobileX 8351080
Note: All result statuses are Final unless otherwise noted.

Tests: (1) HAND MINIMUM 3 VIEWS (73130-21-LT)
  HAND MINIMUM 3 VIEWS, LEFT Comparison: June 7, 2022 FINDINGS: Persistent
soft tissue swelling without acute fracture or dislocation. Bone density is
normal. No destructive process or evidence for osteomyelitis. CONCLUSION:
Chronic soft tissue swelling adjacent to the left fifth PIP joint without
acute fracture or dislocation. Further evaluation with MRI recommended if
clinical symptoms persist. ELECTRONICALLY SIGNED BY JEFFREY B BERNFIELD, M.D.
10/25/2022 12:42:42 PM EDT.
  Comparison: June 7, 2022
  Results: Persistent soft tissue swelling without acute fracture or
dislocation. Bone
  density is normal. No destructive process or evidence for osteomyelitis.
  Conclusion: Chronic soft tissue swelling adjacent to the left fifth PIP
joint without
  acute fracture or dislocation. Further evaluation with MRI recommended if
clinical
  symptoms persist.
  Electronically signed by JEFFREY B BERNFIELD, M.D. 10/25/2022 12:42:42 PM
EDT.

Note: An exclamation mark (!) indicates a result that was not dispersed into
the flowsheet.
Document Creation Date: 10/25/2022 12:52 PM
```

---

```
(1) Order result status: Final
Collection or observation date-time: 10/25/2022 10:10:00
Requested date-time:
Receipt date-time:
Reported date-time: 10/25/2022 12:42:42
Referring Physician:
Ordering Physician: JEREMY WEST (jwest1)
Specimen Source:
Source: MobileX
Filler Order Number: 37940369
Lab site:
```

---

The following tests had no related values for dispersal to the flowsheet:

  HAND MINIMUM 3 VIEWS, [No Value Reported], (F)

*"EXHIBIT A"*

## FLORIDA DEPARTMENT OF CORRECTIONS
### EMERGENCY ROOM RECORD

**Check all that apply:** ☒ Inmate ☐ Employee ☐ Visitor
☒ Post-Use-of-Force Exam ☐ Injury ☐ Physical Altercation

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstances. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA must review this form and sign it on the next working day.

Time of occurrence: approx 0840   Time of exam: approx 0855
Description of occurrence:
S/p UOF

Post Use of Chemical Agent Instructions: Shower without ☐ N/A ☐ Yes ☒ Refused → ☐ educated on importance of showering
☐ Report any difficulty breathing ☐ Remain in upright position ☐ Do Not apply lotion to the skin ☐ Splash cool water to eyes 5-10 minutes

Vital Signs: Temperature 98.7  Pulse 83  Respiration 18  O2 Sat 99 %  Blood Pressure 130/82

Arrived via: ☒ Ambulatory ☐ Stretcher ☐ Wheelchair ☐ Other:

Condition on arrival (check all that apply): ☒ Alert ☒ Oriented x 4 (person, place, time, situation) ☒ Responding to questions verbally
☐ Other (requires description in examinations summary)
☐ C/O pain? If checked, where?

Examination summary:
S/p UOF; A&Ox4; PERRLA; laceration noted to (R) eyebrow ~3cm; pt is currently in a security head cover for pt's security risk; slight swelling noted to (R) eye; No other injuries can thoroughly be assessed due to security risk at this time. Pt will be reevaluated at a later time

Physician notified? ☒ No ☐ Yes  Name: _____ Time: _____
Treatment provided? ☒ No ☐ Yes  If yes, describe:

Response to Treatment:
N/A

Disposition: ☐ Population ☐ Confinement ☐ Infirmary ☐ Hospital ☐ Rescue ☒ Other (explain): Security

Discharge Instructions and Education:
f/u c medical PRN

Health Care Provider's Signature and Stamp: _____  Date/Time: 070121 0900
Reviewing Physician's Signature and Stamp: _____  Date/Time: _____

Name: Deal, Marcus
DC#: V26493   Race/Sex: BM
Date of Birth: 030789
Institution: SRCI

**Inmate Distribution:**
White—Health Record
Canary—Inspector General
Pink—Local Requirements

**Employee Distribution:**
White—Safety Officer/Designee
Canary—Employee Copy
Pink—DESTROY

DC4-701C (Effective 12/12)

Incorporated by Reference in Rule 33-602.210, F.A.C.



FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
DIAGRAM OF INJURY



Date of occurrence  07/21/21                Time of occurrence  appr 0840
Date injury assessed by medical  07/21/21   Time injury assessed by medical  appr 0855

☐ No injury identified

Description of injury:
S/p UOF, laceration to (R) eyebrow <3cm

_Chase LPN/SRCI_
Staff Signature

Inmate Name  Deal, Marcus
DC# V21023          Race/Sex  BM
Date of Birth  03/07/89
Institution  SRCI

This form is not to be amended, revised, or altered without
approval by the Director of Health Services- Administration.

Copies distribution:   White/Health Record   Canary/Inspector General   Pink/Warden or Asst. Warden

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
**EMERGENCY ROOM RECORD**

| Check all that apply: | ☒ Inmate | ☐ Employee | ☐ Visitor | |
|---|---|---|---|---|
| | ☐ Post-Use-of-Force Exam | | ☐ Injury | ☐ Physical Altercation |

All inmates must be examined by medical personnel following a use of force. This includes a visual inspection of the entire body to identify any sign of injury. This exam shall be performed in the medical unit except under unusual circumstances. Injuries shall be documented on the DC4-708, *Diagram of Injury*. If a physician/CA is not present at the time of the exam, a physician/CA must review this form and sign it on the next working day.

Time of occurrence: approx 1010   Time of exam: 1011
Description of occurrence:

S/P flu wellness check

Post Use of Chemical Agent Instructions: Shower without soap? ☐ N/A ☒ Yes ☐ Refused ☒ educated on importance of showering
☐ Report any difficulty breathing ☐ Remain in upright position ☐ Do Not apply lotion to the skin ☒ Splash cool water to eyes 5-10 minutes

Vital Signs: Temperature cell  Pulse side  Respiration exam  O2 Sat% ___ Blood Pressure ___ /___

Arrived via: ☒ Ambulatory ☐ Stretcher ☐ Wheelchair ☐ Other:

Condition on arrival (check all that apply): ☒ Alert ☒ Oriented x 4 (person, place, time, situation) ☒ Responding to questions verbally
☐ Other (requires description in examinations summary)
☐ C/O pain? If checked, where?

Examination summary:
S/P flu wellness check. pt A&Ox4. denies any other injuries than those previously noted. Swelling noted to R side of face; slight swelling noted to L side of face. pt denies dizziness or headaches.
pt was seen cellside due to security risks

Physician notified? ☒ No ☐ Yes  Name: ___  Time: ___
Treatment provided? ☐ No ☒ Yes  If yes, describe: pt provided c bacitracin, woundcleanser, gauze and TBU and instructed to clean wound and apply bacitracin

Response to Treatment:
tolerated well

Disposition: ☐ Population ☐ Confinement ☐ Infirmary ☐ Hospital ☐ Rescue ☒ Other (explain): Security

Discharge Instructions and Education:
f/u c medical PRN, watch for signs of infection, keep wound clean and apply bacitracin

Health Care Provider's Signature and Stamp: _____ Nurse RN/SRCI  Date/Time: 070101 1030
Reviewing Physician's Signature and Stamp: ___  Date/Time: ___

Name: Deal, Marcus    Inmate Distribution: White—Health Record
DC# V26423  Race/Sex BM              Canary—Inspector General
Date of Birth: 12/17/87              Pink—Local Requirements
Institution: SRCI    Employee Distribution: White—Safety Officer/Designee
                                        Canary—Employee Copy
                                        Pink—DESTROY

DC4-701C (Effective 12/12)

Incorporated by Reference in Rule 33-602.210, F.A.C.

FLORIDA DEPARTMENT OF CORRECTIONS
OFFICE OF HEALTH SERVICES
DIAGRAM OF INJURY



Date of occurrence 072101
Date injury assessed by medical 072101

Time of occurrence appx 1010
Time injury assessed by medical appx 1011

☐ No injury identified

Description of injury:
S/p flu wellness check; swelling noted to R side of face; slight swelling to L side of face; all other injuries previously noted
Nurse UN/SARCI

Staff Signature
Inmate Name Deal, Marcus
DC# V26403      Race/Sex BM
Date of Birth 020789
Institution SARCI

This form is not to be amended, revised, or altered without approval by the Director of Health Services- Administration.

Copies distribution: White/Health Record   Canary/Inspector General   Pink/Warden or Asst. Warden

DC4-708 (Revised 10/07)

Incorporated by Reference in Rule 33-602.210, F.A.C.