IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARCUS R. DEAL
*Plaintiff,*

Case No.: 3:21-CV-3547-MCR-HTC

v.

CHAD PUGH; CHRISTOPHER NICHOLAS;
RICHARD PRICE; AUSTIN ALLIGOOD;
EVAN MANNERS; ET AL.,
*Defendant(s).*
_____/

### PLAINTIFF'S SWORN DECLARATION
### PLAINTIFF'S MOTION OPPOSITION FOR SUMMARY JUDGMENT

Plaintiff *pro se*, Civil Rights §46; Criminal Law §78 – Cruel and Unusual Punishment – prison officer's excessive force – absence of serious injury. These are the officers that were in violation. Sgt. G.Pugh, Sgt. E. Manners, C.O. C.Nicholas, C.O. R.Price, C.O. A.Alli-good; violation of the Eighth Amendment.

### STATEMENT OF MATERIAL DISPUTED FACTS

I declare under penalty of purjury, §28 U.S.C. §1746:

1. Exs, On 7/21/21, Defendants Sgt. Pugh, Sgt. Manners, C.O. Nicholas, C.O. Price, C.O. Alli-good, were placed on a unlawful cell extraction team. L.T. Butler was present and told me to submit to an unclothed search in which I did so. The L.T. Butler told them to have fun and rolled my cell door.

2. Exs, They got in a line to block the camera so I put my hands in the air so the camera. It will show on the video that my hands were free and I didn't fight back, I layed on the floor.

3. Exs, The hand held fixed video will show all what I am claiming was done to me and what they are trying to cover up with lies.

4. Exs, Sgt. Pugh hit me with a closed fist when I was on the floor ready to be handcuffed. Sgt. Manners started slamming my head into the ground, blood came out my face. C.O. Alli-good started to hit me in and pulled me back into the cell to do more unlawful things to me. C.O. Nicholas started hitting me with the leg irons. I was holding onto the side of the door to keep on camera. They are trying to hide what they did to me by pulling me back into the cell so the camera can't get it all on video. While I was holding the door, L.T. Butler kicked me in the face and C.O. Price hit me in the eye.

5. Exs, My left pinky was broken. It shows on the x-ray and also my right eye was cut open. The Emergency Room record shows my claims also. Which was broken by Sgt. Pugh.

6. Exs, I put in a motion for request to produce document and other tangible things and they told me the date that I put on the motion wasn't right. That's on 7/21/21, the use of force never had happened on that day and the video just up and got destroyed.

7. Exs, Why was a spit cover put over my face if I had no DR's for spitting on no one. They also was violating my Eighth Amendment of cruel and unusual punishment.

8. Exs, The Defendants say the homemade weapon was 8 inches in length and the first one to see the weapon was C.O. Nicholas, which were all false statements they made on records which break the 33-208.002 Rules of Conduct.

9. Exs, Defendants lawyer stated that in their motion C.O. Alli-good and Sgt. Manners climed over the back of Officer Price and Sgt. Pugh to enter the cell to apply leg restraints on the Plaintiff. They then stated once the leg restraints were applied on the Plaintiff, they pulled the Plaintiff in the cell to give the other team member space to enter the cell.

10. Exs, It is 5 members on the cell extraction team. I stated faacts. What the lawyer stated was 2 members of the 5 were on top of me the Plaintiff, which was Sgt. Pugh and C.O. Price. The lawyer stated that the Defendants Sgt. Pugh and C.O. Price pinned me on the floor to keep the Plaintiff from exiting the cell, and then I was pulled back into the cell to put leg restraints on by 2 more team members.

11. Exs, Sgt. Pugh and C.O. Price never once claim that Plaintiff had a weapon on sound video record. All 5 members were in a position to make the unlawful doing to me the Plaintiff. All evidence of my, the Plaintiff's elements are on the fixed hand held video camera, the one the lawyer stated that Sgt. William Walters provided.

12. Exs, It's no way I had a 8 inch weapon made of plexiglass and they didn't see it. All is falsify document. These officers been on cell extraction teams for years doing unlawful things to other inmates, they got a history of use of forcecausing body harm.

13. Exs, They also violate the conditions of confinement rules, Eighth Amendment convicts prisoners are protected from misuse of force by the cruel and unusual punishments.

14. Exs, These Defendant's malicious use of force, and stand by and do nothing to intervene in an illegal beating and to claim inadequate policy supervision training or control by supervisors or local governments.

15. Exs, They also violate the rules of the procedure it states that OC is the primary cemical to be utilized for cell extractions and other in-cell uses unless circumstances exist as described in this rule.

16. Exs, Their lawyer stated that my history is the reason they violated the rules in procedure, but it shows that months later that they use more chemical agent on me. So what they are doing is trying to find a way to violate the rules to get away with what they have done.

17. Exs, No employee shall submit inaccurate or provide untruthful information for or any department record report or document, which they have done. Where is the video, the hand held fixed camera their lawyer stated Sgt. William Walters was holding in providing.

18. Exs, I submit all my grievances by the steps of the grievance procedures that were approved by the Warden of the institution. I stated facts of my claims was approved as the truth, on 7/21/21.

19. Exs, It stated in the procedures of the rules that video recording procedures shall be initiated as outlined in subsection of this rule.

20. Exs, A confinement or close management lieutenant or shift supervisor shall issue a clear, concise, and audible final order to the inmate ordering compliance. The inmate shall be advised chemical agents be used if necessary, to gain compliance. If the inmate complies, the compliance shall be video recorded for three (3) minutes and then the video recording shall be cease.

21. Exs, The Plaintiff's due right procedure was violated. Was never given a chance to control my physical body behavior with the use of force being force malicious on me the Plaintiff.

22. Exs, Qualified immunity, use of excessive force. *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 73 L.Ed 2d 396 102 S.Ct. 2727 (1982); *Hollingsworth v. Hill*, 110 F. 3d 733, 737 (10th Cir. 1997).

Respectfully submitted,

S/ *Marcus R. Deal*

Marcus R. Deal, FDC#V26423

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy the foregoing Opposition to Defendants Motion was sent via U.S. Postal to the Honorable United States District Court, Northern District Court of Florida, Pensacola Division and to Defendants via Assistant Attorney General, PL-01, The Capitol, Tallahassee, FL on this 16 day of DEC, 2022.

Respectfully submitted,

S/ *Marcus R. Deal*

Marcus R. Deal, FDC#V26423
Suwannee Correct. Inst.
5964 U.S Highway 90
Live Oak, FL 32060

6